# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISABEL CORRALES, *on behalf of minor G.C.*,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security

Defendant.

/

Case No. 1:26-cv-06703-EGC

**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE**

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

**FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE**

<u>14-DAY DEADLINE</u>

## I. INTRODUCTION

Isabel Corrales, on behalf of minor Plaintiff G.C., filed a complaint on August 24, 2026, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (Doc. 1).

On August 24, 2026, the undersigned found that Isabel Corrales could not proceed in a representative capacity on behalf of G.C. without G.C.'s representation by an attorney and issued an order granting Isabel Corrales forty-five (45) days to secure representation for her minor child's claims. (Doc. 4 at 3).

The undersigned ordered Plaintiff on October 15, 2026 to show cause why this case should not be dismissed without prejudice for lack of legal representation of a minor plaintiff. (Doc. 5). Isabel Corrales filed a response, which the Court deemed as an extension of time to find an attorney for her minor child. (Docs. 6, 7). There has been no further communication on Plaintiff's behalf. No attorney of record has appeared and the time to do so has passed. (*See* docket).

For the reasons discussed below, the undersigned shall discharge the order to show cause

and recommend that this action be dismissed without prejudice.

## II. DISCUSSION

Federal Rule of Civil Procedure 17(c) ("Rule 17(c)") provides that representatives in the form of "a general guardian," "a committee," "a conservator," or "a like fiduciary," "may sue or defend on behalf of a minor." However, it is well-settled in the Ninth Circuit that, while a "general guardian" is entitled to sue in a representative capacity, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also id.* at 876−77 ("[I]t is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." (quoting *Osei-Afrivie v. Medical College*, 937 F.2d 876, 882−83 (3d Cir. 1991)); *Garcia v. Colvin*, No. 1:13-CV-00477-SMS, 2013 WL 1500232, at *2 (E.D. Cal. Apr. 10, 2013) ("Plaintiff cannot proceed pro se in this appeal of the Commissioner's denial of SSI benefits to [her daughter], but must retain an attorney to represent her daughter."); *Grizzell v. San Elijo Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024) (noting other circuits have "acknowledged concerns" about the counsel mandate with regard to a *pro se* parent proceeding on behalf of a child in federal court, but finding they are "bound by *Johns*, which holds that a parent may not proceed pro se on her children's behalf"); *Belle v. Berryhill*, Case No. 2:19-cv-00077-JAD-GWF, 2019 WL 12433360, at *1 (D. Nev. Jan. 18, 2019) (noting plaintiff cannot challenge denial of social security benefits on behalf of her minor child, and giving plaintiff a deadline to advise the court if she would retain counsel); *Smith for S.L.I. v. Comm'r of Soc. Sec.*, No. 1:25-CV-00791-HBK, 2025 WL 1993676 (E.D. Cal. July 17, 2025) (same).

The choice to appear *pro se*, without legal representation, is not a true choice for minors who cannot determine their own legal actions. *Id.* And because there is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. *Johns*, 114 F.3d at 876. Where minors have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. *Id.* In sum, a parent or guardian cannot bring an action in a

representative capacity on behalf of a minor child under Rule 17(c) unless that child's claims are brought with legal representation by an attorney. "And if a[n attorney] is not secured to bring suit on a minor's behalf, the complaint should be dismissed without prejudice so the minor may bring the action upon reaching the age of majority." *Duarte v. Figueroa*, No. C 05-1049 JF(PR), 2006 WL 708994, at *1 (N.D. Cal. Mar. 21, 2006). Because no attorney has appeared on behalf of Plaintiff, Isabel Corrales may not bring such claims in a representative capacity on behalf of G.C. Isabel Corrales must, therefore, seek legal representation if she intends to prosecute this action.

If it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). In this instance, Isabel Corrales will not be able to remedy the defect that, as a non-lawyer, she cannot bring claims on behalf of minor child G.C. Leave to amend would therefore not be appropriate.

## III. ORDER AND RECOMMENDATION

The Court's order to show cause (Doc. 5) is hereby DISCHARGED. For the reasons set forth above, IT IS RECOMMENDED that this case be DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is HEREBY DIRECTED to assign randomly a District Judge to this action.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE